IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-61-D

TIMOTHY HANKINS, )
)
Plaintiff, )
)
v. ) ORDER
)
STATE OF NORTH CAROLINA, )
et al., )
)
Defendants. )

On April 4, 2018, Timothy Hankins ("Hankins" or "plaintiff") applied to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 1]. On April 15, 2018, the court referred the motion to Magistrate Judge Swank for frivolity review [D.E. 4]. On August 21, 2018, Magistrate Judge Swank issued an order and Memorandum and Recommendation ("M&R") [D.E. 7], granted plaintiff's application to proceed in forma pauperis, and recommended that the court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted [D.E. 7]. On September 4, 2018, Hankins filed a notice of voluntary dismissal [D.E. 8].

Hankins now moves to reopen the case [D.E. 9], and he has filed a proposed amended complaint [D.E. 10]. The clerk has also filed and docketed as a motion what appears to be a copy of a mandamus petition that Hankins has filed in the United States Court of Appeals for the Fourth Circuit [D.E. 11]. Cf. Fed. R. App. P. 21(a)(1); In re Hankins, No. 19-1481 (4th Cir. 2019).

The court has considered Hankins's motion to reopen the case under the governing standard. See Fed. R. Civ. P. 60(b); Aikens v. Ingram, 652 F.3d 496, 500–01 & n.3 (4th Cir. 2011) (en banc); Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union

Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); cf. Luxama v. McHugh, 675 F. App'x 272, 273 (4th Cir. 2017) (per curiam) (unpublished). Hankins fails to establish a meritorious claim or defense. Thus, Hankins fails to meet Rule 60(b)'s threshold requirements. If Hankins seeks to amend his complaint, the court evaluates the motion "for prejudice, bad faith, or futility." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc); see Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). Hankins's proposed complaint would be futile. The proposed amended complaint, like Hankins's original complaint, fails to state a plausible claim. See Katyle, 637 F.3d at 470–71. Thus, Hankins's motion for reconsideration lacks merit.

If Hankins seeks a writ of mandamus [D.E. 11], granting a writ of mandamus is a drastic remedy to be used only in extraordinary situations. See Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402 (1976); Cumberland Cty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016); United States v. Moussaoui, 333 F.3d 509, 516 (4th Cir. 2003); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d at 826 (quotations omitted); see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Hankins has failed to make the requisite showing.

In sum, the court DENIES plaintiff's motions [D.E. 9, 11].

SO ORDERED. This 16 day of May 2019.

Dever
JAMES C. DEVER III
United States District Judge